Finding no error in the record, the judgment is affirmed.

### BARFIELD v. STATE.
#### No. 15203.

Court of Criminal Appeals of Texas.
May 11, 1932.

Rehearing Denied June 15, 1932.

Pat L. Pittman, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for passing a forged instrument; punishment being two years in the penitentiary.

The motion for new trial was overruled, and notice of appeal given on October 31, 1931. Sixty days were granted in which to file statement of facts and bills of exception. No further extension order appears in the record. If any had been made, the time could not have been carried beyond 90 days from the date notice of appeal was given. Article 760, subd. 5, C. C. P. The statement of facts and bills of exception were filed in the trial court on January 30, 1932, which was 91 days after notice of appeal. Under the statute, neither the statement of facts nor bills of exception may be considered. Many cases will be found collated in note 36, under article 760, Vernon's Ann. Tex. C. C. P. Some of the later cases are McKneely v. State, 110 Tex. Cr. R.

634, 10 S.W.(2d) 544; Owens v. State (Tex. Cr. App.) 35 S.W.(2d) 726; Moore v. State (Tex. Cr. App.) 37 S.W.(2d) 746; Loyd v. State (Tex. Cr. App.) 38 S.W.(2d) 1102.

The judgment is affirmed.

### BOATCALLIE v. STATE.
#### No. 15137.

Court of Criminal Appeals of Texas.
May 11, 1932.

Rehearing Denied June 15, 1932.

Henderson & Hoyle, of Bryan, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Appellant owned and operated the K. T. Garage in Bryan, Tex. With his family he lived over said garage. On April 2, 1931, officers raided the place, and in a little storage room upstairs they found a half gallon of whisky in an old stove, three pint bottles of whisky in the same room, also a number of empty pint bottles. Appellant was at the garage at the time of the search. Appellant's wife and daughter were upstairs at said time.

The state introduced a number of young men, most of whom were high school students, who testified that prior to the raid referred to and on different occasions they had bought intoxicating liquor at the K. T. Garage. Edge said he had been there two or three times, and that liquor was bought each time by some one in the crowd. Appellant's son Willie waited on them each time they were there. Cloud testified that he had been to the K. T. Garage before this raid several times; that he got whisky three times; he said most of the time Willie waited on him. He further stated that, when Willie did not wait on him, Johnie did. He testified that John was also appellant's son, a boy about fourteen or fifteen years old. He remembered John waiting on him twice. One of these visits was the night of the Austin-Bryan basket ball game at College Station. A number of high school boys went down to the K. T. Garage that night, three in the car with witness. Three of the boys got drunk. Bishop testified that he was seventeen years old; that they drove up in front of said garage and asked if they could get whisky; that some small boy waited on them; that they went around the block and when they came back said boy delivered to them a pint of whisky. Clary, nineteen years old, said he got whisky from appellant's son Willie something like a year before this trial;

that the whisky was brought to him somewhere around the garage. He said he had gotten whisky from Willie more than twice. Lang testified that he was a high school boy and had been to the K. T. Garage twice and got whisky and paid for it. He testified that Toney, appellant's largest boy, waited on him, and that it was at night. Hamilton, a seventeen year old boy, and in the high school, testified that he was at said garage three or four times during the fall and winter preceding this trial, and each time he was accompanied by others. He got whisky three times. He did not remember whether it was the youngest or oldest one of appellant's sons who waited on him. He said it was always a boy that waited on him, and at one time it was a little boy about fifteen years old.

Appellant's son Willie testified for the defense that he had pleaded guilty to three cases of selling liquor and was an inmate of the penitentiary, but was out on a furlough. He testified that he sold liquor to some of the boys, but that his father did not sell any, and did not know witness sold it. He testified that he put the liquor in the stove, which was found by the officers. He said his father did not know he was handling whisky. He also testified that his younger brother, who lived in the home, was not selling liquor with him, and that the younger boy never sold any at all. He said he was the only one around that garage who sold whisky. He said he put quite a lot of bottles of whisky in the house, and that his father did not know it. He further said he never gave his father any of the money. He also said that all the liquor transactions in the garage were handled by him. Further, on cross-examination, he said he was single and lived upstairs over the garage, and that his brother Johnie lived there also, who was about twelve years old, and that he had a brother named Toney who worked at the garage, and that neither Johnie nor Toney sold any whisky, nor did they know that witness was selling it. He emphatically testified that Toney did not know the whisky was at the house, nor did Johnie know it. He said the room in which the whisky was found was the one in which his mother cooked. He testified that he bought this whisky from an unknown negro, and that he started selling it at the garage about a year before this trial. He said his father worked right there at the garage, and slept upstairs on the same floor where the whisky was found. He also testified that he had taken one case of whisky to a back room upstairs, beside that hid in the stove. This case he said he hid in the dirty clothes; that there are twenty-four bottles in a case. He said his father had never asked him what he was doing with those bottles or that whisky, and never asked him what those boys were doing driving up there and driving away for. He repeated that where he hid the whisky was on the left-hand side in the kitch-

en under a little table. Appellant also introduced a number of witnesses who testified to his good reputation. He introduced his daughter who lived with him, and she said that she never had seen any whisky around that garage. She said there were five rooms upstairs over the garage; that her father, mother, and little sister slept in one room, and her brothers in another, and that there was a living room, dining room, and kitchen. Appellant introduced his son Toney, who said he had never seen any whisky around the garage, had never sold any, and had never seen Willie sell any. Appellant also introduced his wife who said she did not know Willie was selling whisky, and had never seen any school boys around the garage, and had never seen any whisky there. Appellant took the stand and testified that he did not know Willie was selling whisky, and did not know there was any whisky in the house, and had never aided, advised, or assisted Willie in making any sale. He said he slept at the place every night, and had been there all during the past year.

In its rebuttal, the state introduced McGee, a high school boy, who said he had been to the K. T. Garage two or three times with others, and on each occasion bought whisky, and that Willie waited on them. Wilcox testified that he did not know how many times he had been to the K. T. Garage, but always with others, and that they would always buy whisky. He said Willie waited on them. The state introduced appellant's twelve year old son, Johnie, who denied having sold the whisky or having seen Willie sell any. He said he had never seen any whisky around the place. The state recalled Cloud and Bishop who had already testified and they again affirmed that Johnie waited on them and sold them whisky.

█ Bills of exception Nos. 1, 2, and 3 complain of the reception of evidence of the officers as to what they found on the occasion of the raid. We do not discuss them, because when appellant's son Willie took the stand he testified that the officers found, on the premises the things they testified to finding. In such case, questions of the sufficiency of the affidavit and search warrant pass out. The authorities are numerous.

█ Bills of exception 4 to 14, inclusive, present objections to the testimony of various witnesses, in effect, that on various occasions not shown to be remote they had bought whisky at the K. T. Garage, from one or another of appellant's sons. We think said testimony admissible. The case was submitted to the jury under the law of circumstantial evidence. The sales in question were made on many occasions at different hours. The sons mentioned either lived with appellant or worked with him in said garage. Willie was shown to be twenty-one at the time of this trial, Johnie twelve or thirteen, and Toney twenty-two years of age.

■ Bill of exception No. 16 complains of the testimony of witness Lang who swore that he went out to the garage on one or two occasions, and that he bought whisky the first time he was out there. Over objection he said that he knew he could get it there because he heard the boys talking about it. This injects nothing injurious in the case, and, while to some extent hearsay, it seems impossible of injury. There was no question under the testimony of appellant's witnesses but that boys could get whisky at the garage whenever they went there.

■ Bill No. 17 brings forward complaint of the refusal of a peremptory charge to acquit. We do not think there is any merit in this bill. Bill No. 18 complains of the refusal of a special charge which appears to have been covered by the main charge. Bill No. 19 complains of the refusal of the court to withdraw from the jury the testimony of the officers. For the reasons advanced above regarding its admissibility, the court did not err in refusing to withdraw it.

■ There are two bills of exception complaining of argument. Bill No. 20 brings forward objections to the state's attorney saying that, if the defendant knew that the liquor was in the dwelling and home of the defendant, he would be guilty. The state of facts exhibited by this record is such as to make it entirely reasonable that, if appellant knew that there was whisky in his dwelling and home, the inference of guilt would be exceedingly strong. We do not regard the argument as unwarranted. Another complaint of the argument is that the county attorney told the jury that they did not need any law in the case, that all they needed was common sense to pass upon same. The bill is qualified, but in a separate bill of exception appellant brings forward his approved exceptions to the qualification. It was not necessary for appellant to bring this before us at this length. Where a bill of exception is qualified over the objection of appellant's attorney, we uniformly consider such exceptions sufficient, and decline to consider the qualification if there appear on the bill of exception a notation of the fact that the qualification was excepted to, and there is a certificate of the trial court appended certifying that such qualification was in fact excepted to. However, the qualification to this bill being excepted to, as evidenced by bill of exception No. 26, we must consider the bill as if not qualified. The record does not disclose any written request to have the jury instructed not to consider said argument. It seems to us that it would be somewhat in the nature of a travesty upon the good sense of a jury which tried a case, received the charge of the court, were therein instructed that they must receive the law from the court, to conclude that they could be misled to the hurt of the accused by a statement such as that here complained of.

■ There is a bill of exception complaining of the court's charge for its submission to the jury of the case upon the theory and law of principals. While it is true that no witness testified to a sale by appellant, or to any positive fact from which the deduction could be made of appellant's possession of such liquor, still we do not feel willing to say that the circumstances were not such as to justify us in holding the trial court in error in submitting to the jury the law of principals. Appellant was the head of the household, the business was his, his three sons worked with him, the witnesses said they bought whisky at different times from all three of said sons; this conduct had been going on for at least a year, and the whisky appears to have been kept in different places up in the living and sleeping quarters of appellant, his wife, his daughter, and his two sons. Without going over in detail the testimony of the schoolboys who were witnesses, it shows that they went to this place in crowds and groups, and that they would drive up in front of the garage and order whisky, and that it would be brought out to them by appellant's young son, who was a mere lad, as well as appellant's older son, and also by the one who seems to have undertaken to free the others by assuming the burden of guilt. It would be so altogether unlikely that this course of conduct, these violations of law, could have taken place so numerously and with the connivance and knowledge manifestly of all appellant's sons, coupled with the use of the family sleeping quarters as a place of concealment of the liquor, without the knowledge and consent of appellant, that we are led to believe the learned trial judge correct in submitting the case to the jury on the law of principals. We believe the record shows that appellant received a fair trial, and that the jury were justified in their conclusion of guilt.

The judgment will be affirmed.

On Appellant's Motion for Rehearing.

CHRISTIAN, J.

■ Appellant insists that his bill of exception No. 15 reflects reversible error. The bill recites that Bob Cloud, a witness for the state, testified that on the occasion of the Austin-Bryan basketball game at College Station he bought whisky at appellant's garage; that there were a number of boys who went to the garage on the same occasion; that there were other high school boys drinking on the same night; that there were about three boys in his car when he went to the garage, and that three of the boys became intoxicated; that he did not know whether they got the whisky from appellant's garage or not, and was unable to say where it came from. Appellant objected to this testimony on the ground that it was not shown either directly or circumstantially that the whisky

on which the boys became intoxicated had been bought from appellant; and, further, that a large part of said testimony was hearsay. It is merely stated as a ground of objection in the bill of exception that appellant's connection with the sale of the whisky on which the boys became intoxicated was neither directly nor circumstantially shown. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, section 209; Edelen v. State, 103 Tex. Cr. R. 562, 281 S. W. 1078; Buchanan v. State, 107 Tex. Cr. R. 559, 298 S. W. 569. If the bill should be considered, the opinion is expressed that the testimony of the witness shows circumstantially that the boys in the car with the witness became intoxicated on whisky that had been purchased at appellant's garage. Appellant appears not to take issue with the holding in the original opinion that the testimony of various witnesses to the effect that on various occasions at a time not too remote they had bought whisky at appellant's garage from one or another of appellant's sons was properly admitted. We are constrained to hold that the bill of exception fails to reflect error.

Appellant asserts that we were in error in holding that bill of exception No. 16 fails to manifest reversible error. It appears that state's witness Lang testified that he went to appellant's garage and bought a pint of whisky. Over appellant's objection that the statement was hearsay, the witness was permitted to testify as follows: "As to how I knew I could get whisky there, I just heard some boys talking about it." In the original opinion it was stated that this testimony was hearsay, but the conclusion was reached that, under the facts reflected by the record, the error in receiving it was harmless. The state's testimony, as well as that of appellant's witnesses, showed beyond question that boys could get whisky at the garage whenever they went there. Appellant's son testified that he was selling whisky at his father's garage. Several witnesses for the state testified to having bought whisky at the garage on different occasions. We think the matter was correctly decided in the original opinion.

▮▮ The court instructed the jury, in substance, that, if they believed from the testimony that appellant did not possess the whisky in question for the purpose of sale, and further believed that he did not aid or encourage Willie Boatcallie in the possession of the liquor for the purpose of sale, if he did possess it, or if they had a reasonable doubt thereof, to acquit appellant. Appellant admits that he did not properly object to this charge on the ground that it was on the weight of the evidence. Hence, we deem it unnecessary to determine whether such exception would have been well taken. It is appellant's contention that the charge was erroneous in failing to require the jury to find that appellant was present at the place where the whisky was possessed by Willie Boatcallie, and, further, in failing to require the jury to find that at the time appellant had knowledge of the unlawful intent of Willie Boatcallie. In his charge on the law of principals, the court specifically instructed the jury that, before they could convict appellant as a principal, they must believe from the evidence beyond a reasonable doubt that Willie Boatcallie possessed the whisky for the purpose of sale, and that appellant was present, and, knowing Willie Boatcallie's unlawful intent, aided him by acts or encouraged him by words in the commission of the offense. We think the charge, taken as a whole, adequately protected appellant's rights.

We deem it unnecessary to again analyze the testimony. The opinion is expressed that the evidence is sufficient to support the conviction.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.