

# NUMBER 13-12-00557-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GILBERT JOHN MELENDEZ,**                                      **Appellant,**

## v.

**THE STATE OF TEXAS,**                                            **Appellee.**

## On appeal from the 197th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

A jury convicted appellant, Gilbert John Melendez, of the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The trial court assessed punishment at five years' confinement in the Texas Department of Criminal Justice, Institutional Division, but suspended the sentence for seven years probation. By two issues, appellant contends that the trial court committed reversible error by: (1) "denying

appellant's motions for directed verdict because the evidence against him as a party to another's burglary was legally insufficient"; and (2) "by overruling appellant's objection to the State's closing argument that the jury could find him guilty of burglary by 'setting aside the law and using your common sense.'" We affirm.

## I. BACKGROUND

The evidence at trial showed Wenceslao Melendez ("Wenceslao") returned home from the grocery store to discover that his 32-inch Samsung television and jewelry box were missing. Wenceslao noticed that the air conditioning unit had been removed from the bedroom window and believed someone had gained entry to his house through that window. He notified police of the incident shortly after discovering the missing items.

Jonathan Taylor, a Brownsville Police Department detective, was assigned to investigate the case. Detective Taylor discovered that a television matching the one Wenceslao described was pawned the same day at a pawn shop approximately one mile from Wenceslao's home. Detective Taylor obtained the surveillance video from the pawn shop. The video showed two males arriving in a red truck at the pawn shop, with one male opening the front door of the store for the other male who was carrying a television. One of the males, later identified as Juan Manuel Reyna, thereafter pawned the television while appellant roamed around the store. Detective Taylor showed Wenceslao the video. Wenceslao identified appellant as being his second cousin and next door neighbor and as being one of the two males entering the pawnshop.

Appellant agreed to a recorded interview while he was in police custody for an unrelated charge. During his interview, appellant stated that his friend, Reyna, came to

2

his house and asked for help and that he followed Reyna to Wenceslao's home, where he saw that an air conditioning unit had been removed from a window. He saw a television lying on the ground and helped Reyna move the television over the fence and onto appellant's property. Appellant admitted that he "kind of figured real fast what he [Reyna] had done", and he also admitted that he knew Reyna did not have permission to enter Wenceslao's home. He further stated that he drove Reyna to the pawn shop in his red truck and that Reyna bought him lunch after he pawned the television. Appellant apologized to Wenceslao at the end of the interview.

## II. SUFFICIENY OF THE EVIDENCE

By his first issue, appellant challenges the sufficiency of the evidence to show that appellant, acting alone or as a party with Reyna, burglarized the home. Specifically, appellant argues that "acts committed after the offense is completed cannot make him a party to the offense."

## A. Standard of Review

When reviewing evidentiary sufficiency, the court must ask itself whether, after reviewing the evidence in the light most favorable to the verdict, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt—not whether *it* believes the evidence establishes the verdict beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979). The jury is the sole judge of a witness's credibility and the weight to be given the testimony. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). The reviewing court should not act as a thirteenth juror that substitutes its own opinion of the credibility and weight of the evidence

3

for that of the fact-finder's.   *See Brooks v. State,* 323 S.W.3d 893, 905 (Tex. Crim. App. 2010)(plurality op.).   The reviewing court must resolve inconsistencies in testimony in favor of the verdict and then ask whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt.   *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To measure sufficiency, we use the elements of the offense as defined by a hypothetically correct jury charge.   *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).   Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.   *Id.*   A person commits the offense of burglary if, (1) without the effective consent of the owner, (2) he enters a habitation with (3) intent to commit theft.   TEX. PENAL CODE ANN. § 30.02(a)(1).

Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense."   TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011). When reviewing the sufficiency of the evidence to support a defendant's participation as a party to the crime, the court may consider "events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act."   *King v. State*, 29 S.W.3d

4

556, 564 (Tex. Crim. App. 2000) (quoting *Ranson v. State,* 920 S.W.2d 288, 302 (Tex. Crim. App. 1994)).

## B.    Analysis

The jury could reasonably infer from the evidence that Wenceslao's home was entered without his permission and with the intent to commit theft.   Appellant knew that Reyna had unlawfully entered Wenceslao's home, and continued to assist Reyna in completing the burglary.   The jury could also reasonably infer that appellant was a party to the offense because he helped Reyna move the television over the fence into his own backyard knowing it was being stolen, and thereafter drove Reyna to a pawn shop to sell it.   This is evidence that appellant aided in the commission of the offense.   *See* TEX. PENAL CODE ANN. §702(a)(2).   Further, appellant's apology to his cousin could lead a reasonable fact-finder to believe that he had the knowledge and intent to take part in the burglary, and that he felt remorse afterwards.   "A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt."  *Hyde v. State,* 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref'd) (quoting *Torres v. State,* 794 S.W.2d 596, 598–600 (Tex. App.—Austin 1990, no pet.)).   "It is consequently a well accepted principle that any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a 'consciousness of guilt' may be received as a circumstance tending to prove that he committed the act with which he is charged."  *Torres,* 794 S.W.2d at 598.

We conclude the evidence was sufficient to support the jury's verdict.   *See Brooks*, 323 S.W.3d at 905.   Appellant's first issue is overruled.

5

## III.    IMPROPER JURY ARGUMENT

By his second issue, appellant argues that the trial court erred by overruling his objection to the State's closing argument that the jury could find him guilty of burglary by "setting aside the law and using your common sense."  Appellant contends that the State's closing argument was manifestly improper and resulted in an illogical verdict not based on the law.   Specifically, appellant complains about the following argument:

> [Appellant is ] trying to make it seem that if [he] didn't go in the house, which he didn't go in the house, then you should let him go, that he's innocent. We all know that he's not innocent.  But setting aside the law and using your common sense, that's not true.   He's guilty.

After the trial court overruled appellant's objections, the State continued its argument, as follows:

> At the end of the day, [Appellant] didn't go in [Wenceslao's house].   We all know that.   And we never said that [Appellant went in] . . . .But the way we address that is through the law of parties.
> . . . .
> We took an oath to God, all of us, including the jury, to follow the law.

### A.    Standard of Review

The standard of review for improper jury argument is abuse of discretion.   *Powell v. State*, 63 S.W.3d 435,438 (Tex. Crim. App. 2001).   To be permissible, jury argument must fall within one of the following four general areas:   (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) an answer to the argument of opposing counsel, or (4) a plea for law enforcement.   *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. 1999).   In examining challenges to jury argument, this Court considers the remark in the context in which it appears.   *Gaddis v. State,* 753 S.W.2d 396, 398 (Tex. Crim. App.

6

1988) (citing *Denison v. State*, 651 S.W.2d 754 (Tex. Crim. App. 1983)).   Counsel is allowed wide latitude in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith.  *Id. at* 398.  Closing argument "only becomes subject to reversal if, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial."  *Felder v. State*, 848 S.W.2d 85, 95 (Tex. Crim. App. 1992) (citing *Bell v. State*, 724 S.W.2d 780, 803 (Tex. Crim. App. 1986)).

**B.     Analysis**

The State's argument was made in response to defense counsel's closing argument regarding the entry requirement for burglary of a habitation.  *See Guidry* 9 S.W.3d 133.  Specifically, defense counsel implied that appellant could not be found guilty unless appellant physically entered the home.   In context it is apparent that the prosecutor was appealing for the jury to use its common sense when considering the evidence in relation to the law of parties.   The State sought to remind the jury that the evidence supported a finding that appellant could be found guilty as a party to the burglary.   Further, error, if any, was later corrected by the State when the prosecutor told the jury "to follow the law."   *See Boatcallie v. State*, 121 Tex. Crim. 149, 153, 50 S.W.2d 826 (Tex. Crim. App. 1932) (closing argument that jurors did not need any law and that all they needed was common sense did not harm the defendant's rights when the trial court's charge instructed the jury on the law to be applied); *see also Hawkins v. State* 135 S.W.3d 72, 84 (Tex. Crim. App. 2004) (en banc) (ruling that a prosecutor's self-corrective action

7

during jury instruction can, in appropriate circumstances, render an improper comment harmless).

We have examined the record and conclude that the State's argument was not so egregious as to constitute reversible error. We cannot conclude that the trial court abused its discretion. Appellant's second issue is overruled.

## IV.   CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2013.