## J. M. EDELEN V. THE STATE.

### No. 10032.    Delivered March 24, 1926.

1.—Assault to Rape—Requested Charge—Covered by Main Charge— Properly Refused.

Where, on a trial for an assault to rape, the court defines each and every element necessary to constitute the offense, and then instructs the jury that unless each and all of the requisites have been established by the evidence, beyond a reasonable doubt, to acquit the defendant, there was no error in refusing a special charge requested by appellant that unless the jury found, beyond a reasonable doubt that appellant committed the offense of an assault with intent to rape, to acquit him.

2.—Same—Continued.

Nor was it necessary for the court to give appellant's requested charge that an assault with intent to rape could not be committed unless the accused unlawfully assaulted the female with intent then and there of penetrating the female organ of the prosecutrix with his male organ, such elements of the offense having been clearly and correctly covered by the court's main charge.

3.—Same—Child as Witness—Held Competent.

Where the prosecutrix is shown to be a child of seven years of age, that she was of sufficient intelligence, and that she was capable of and did comprehend the obligations of an oath, and that she understood the pains and penalties of perjury in a general and satisfactory manner, she was properly permitted to testify. Following Brown v. State, 176 S. W. 51.

4.—Same—Bill of Exception—Incomplete—Not Considered.

The rule is well settled in this state that the truth of the objection as set out in a bill of exception must be verified by the bill. The mere statement of a ground of objection is not a certificate of the court that the facts which form the basis of the objection are true. See Punchard v. State, 240 S. W. 939.

**5.—Same—Evidence—Held Admissible.**

Where, on a trial for assault to rape, there was no error in permitting witnesses to testify that some time after the alleged assault they smelled the odor of whisky on appellant's breath, appellant's bill not disclosing the length of time which elapsed between the alleged assault and the time when the odor was smelled, the objection was more to the weight and probative force of this testimony than to its admissibility.

**6.—Same—Evidence—Statements of Prosecutrix—Held Admissible.**

There was no error in permitting Mrs. Christian, and also the mother of the prosecutrix to testify to complaints made by prosecutrix to them, after the assault. We think the complaint made by the child upon reaching its mother and the other witness, as well as the physical condition of the child at the time, were admissible under the authorities in this state, as a circumstance bearing upon the question as to whether or not prosecutrix was in fact assaulted as alleged.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for an assault to rape, penalty five years in the penitentiary.

The opinion states the case.

*Reeder & Reeder* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is assault with intent to commit rape and the punishment is five years in the penitentiary.

The state's testimony shows that appellant, a man of mature years, took the prosecutrix, a girl of seven years of age, into his house and after subjecting her to indignities practiced only by moral perverts, endeavored to have intercourse with her. Appellant, on the other hand, testified that the transaction did not happen as related by prosecutrix and claimed that she was an innocent visitor at his house and that he did nothing in any wise to shock the sensibilities of the most refined.

By proper bills appellant complains at the refusal of the court to instruct the jury that, unless they found beyond a reasonable doubt that appellant committed the offense of assault with intent to rape, to acquit him. In paragraph four of the court's main charge he defines each and every element necessary to constitute the offense of assault with intent to commit rape and then instructs the jury that unless each and all of the above named requisites have been established by the evidence in this case beyond a reasonable doubt, to acquit the de-

fendant of the offense of assault with intent to rape. This charge correctly submits the very point asked by appellant and is as favorable if not more so to him than is the special charge asked. Appellant also complains because the court refused to instruct the jury to acquit the defendant unless they found beyond reasonable doubt that he had committed the offense of aggravated assault. We think this charge was correctly refused, as the jury was entitled to find under the instructions of the court and the facts of the case that the appellant was guilty of an assault with intent to rape.

We do not think the appellant's complaint at the court's action in refusing his instruction to the effect that assault with intent to rape could not be committed unless the accused unlawfully assaulted the female with intent then and there of penetrating the female organ of the prosecutrix with his male organ is meritorious under the record in this case. The court had already in his main charge told the jury that it was necessary that they find beyond a reasonable doubt, first, that the accused committed the assault upon the prosecutrix at the time and place alleged in the indictment; second, that the assault was committed with the specific intent to have carnal knowledge of the prosecutrix, and that carnal knowledge, as used in the charge, meant the penetration of the private sexual organ of the female by the private sexual organ of the accused. As correctly contended by the state, this charge submitted what appellant requested in his special charge more fully and equally as favorable to the defendant as does the requested special charge.

Appellant also complains at the refusal of the court to withdraw the testimony of the prosecutrix for the reason that as he contends the state has failed to show that the witness possessed sufficient mental ability and intelligence to relate the circumstances inquired into without prompting and suggestions. Appellant contends that her testimony, on the contrary, shows that she did not possess the requisite intelligence to be a competent witness. We have very carefully examined this bill of exceptions and have reached the conclusion that the court did not abuse his discretion in permitting this witness to testify. We think that her testimony discloses that she was of sufficient intelligence and that she was capable of and did comprehend the obligations of an oath and that she understood the pains and penalties of perjury in a general and satisfactory manner. She was shown by the bill of exceptions to be seven years of age and under this condition of the record the admission of her testimony was properly within the sound discretion of the trial court. Brown v. State, 176 S. W. 51.

By another bill, appellant complains because the district attorney asked the witness Cousins the following question: "Do you recall the circumstances of your little girl making some complaint about her being over at Mr. Edelen's house?" Objection was made because it involved an assumption that a complaint was made by Charlotte Cousins to her father, without proof that she made such complaint, and that the same was prejudicial to appellant's rights. The bill does not recite that the grounds stated as the basis of the objection were true and that the evidence did show that such complaint had not been made, and it is not apparent from the bill that any error was committed. The rule is well settled in this State that the truth of the objection must be verified by the bill. The mere statement of a ground of objection is not a certificate of the court that the facts which form the basis of the objection are true. Punchard v. State, 240 S. W. 939; Oliver v. State, 144 S. W. 1150; Murff, decided by this court on March 3, 1926; Robbins v. State, 272 S. W. 176.

Complaint is also made because the father of the prosecutrix and another witness were permitted to testify that at about six o'clock or 6:30 o'clock p. m., some time after the alleged assault, they smelled the odor of whiskey on the appellant's breath. These bills do not show the length of time which had elapsed between the alleged assault and the time when the odor was smelled. The State correctly contends that if the appellant was under the influence of whiskey, or was drinking at the time of the alleged assault it cannot be contended that this would not be admissible as res gestae and as bearing upon his intent at the time of the commission of the assault, and if it was not in such proximity to the assault as to be admissible for the reasons above suggested, it was incumbent upon the appellant to make this fact manifest from the bill. Branch's P. C. Sec. 207. We are disposed to think that under the facts of this case appellant's objection goes more to the weight and probative force of this testimony than to its admissibility.

We think there is no merit in appellant's complaint at the court's action in permitting Mrs. Christian and also the mother of the prosecutrix to testify to complaints made by prosecutrix to them. We think that the complaint made by the child upon reaching its mother and the other witness, as well as the physical condition of the child at the time, were admissible under the authorities in this state, as a circumstance bearing upon the question as to whether or not prosecutrix was in fact assaulted as alleged.

We have carefully examined the testimony in this case and have reached the conclusion that appellant is without just ground of complaint.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.