JIM SMART v. THE STATE.

No. 13160.   Delivered March 19, 1930.
Rehearing granted April 30, 1930.
Reported in 27 S. W. (2d) 813.

The opinion states the case.

*J. Lee Cearley,* of Cisco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of three years.

There are no questions of law presented for review save the sufficiency of the evidence. A recital of the evidence is deemed unnecessary. The burglary was proved by the owner of the premises, and a part of the stolen property was found in the possession of the appellant. An accomplice testified, detailing the entire transaction and connecting the appellant with the commission of the offense, and the corroboration is adequate to support the conviction.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the indictment the appellant is charged with entering and breaking into a "house" then and there occupied and controlled by Gus Dennis. It is claimed that there is a failure to prove that there was an entry into a house. Dennis testified that "my place was burglarized"; that he saw tracks leading to his "place"; that the burglary was at night and "at my place." It has been said that the word "place" expresses simply locality and not kind. Hence qualifying words are necessary to indicate the kind of place. It may mean a city, house, or open space. See Words & Phrases, 1st Series, Vol. 6, p. 5383; Webster's New International Dictionary, p. 1646. That in a prosecution under the statute the evidence must conform to the averment that the house was entered is supported by many precedents of this state. See Williamson v. State, 39 Tex. Cr. R. 60; Anderson v. State, 17 Tex. Cr. R. 306; Bigham v. State, 31 Tex. Cr. R. 244; Willis v. State, 33 Tex. Cr. R. 168. In the statute, "house" is defined as a building or structure erected for public or private use. See Branch's Ann. Tex. P. C., p. 1279, and authorities collated under sec. 2342.

By reason of the failure to prove the burglary by the entry of a house, the motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*