WALTER COMEAUX v. THE STATE.

No. 14173. Delivered May 27, 1931.
Rehearing Denied October 7, 1931.

224

The opinion states the case.

*Baldwin & McDougald* and *Fletcher S. Jones,* all of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—Offense, possession of intoxicating liquor for the purpose of sale; punishment, confinement in the penitentiary for two years.

Operating under a search warrant, the officers first searched a house located at 1700 Brooklyn street in the city of Beaumont, where the appellant, Walter Comeaux, lived, but did not find anything in the

house. The evidence shows that they next searched the garage or outhouse right back of said house; that the said garage or outhouse was between forty and fifty feet back of the house on the same premises, and that a family lived upstairs over it; that in one side of said garage downstairs there was nothing; that on the other side there was a bunch of hay and empty barrels; that one side was nailed up; that there was a big coop sitting there right in front of the building; that the place was nailed up and that the officers pulled a plank off that was nailed and found a bunch of half gallon fruit jars of whisky wrapped up in paper sacks; that they found approximately forty gallons; that they examined said liquor to see what it was and that it was red intoxicating whisky; that after they had found the whisky, the appellant came up on the premises driving a Ford coupe; that the officers did not arrest the appellant at that time, which was Saturday evening; that they did not arrest him until Monday morning. The testimony further shows that when the appellant drove up, one of the officers said to him, "Walter, I thought you had quit bootlegging." He answered, "I did, but I started up about two or three weeks ago." He stated in answer to question by the officers that if they had come to said premises that night or the next day that he would not have had that much whisky. He was asked whose whisky it was and he stated that it was his whisky.

The appellant did not testify nor offer any affirmative defensive matter.

Bill of exception No. 1 shows that appellant objected to the testimony of the officers touching the result of the search for the reason that said search warrant only directed the said officers to search the private residence of appellant and not the garage or outhouse. We think the objection was properly overruled.

The affidavit for search warrant, which was sworn to by W. W. Richardson and J. F. Edington, was substantially as follows:

"That on the 9th day of August, A. D. 1930, there was and is now, before the making and filing of this affidavit in writing, a certain place and premises, situated in Jefferson County, Texas, described as follows, to-wit:

"A private residence No. 1700 Brooklyn Street, City of Beaumont, Jefferson County, Texas, the same being occupied and used by Walter Comeaux and others, as a private dwelling.

"That on the said 9th day of August, A. D. 1930, the said Walter Comeaux was then and there, and is now, before the making and filing of this affidavit in writing, unlawfully manufacturing, keeping and possessing for the purpose of sale, and selling in the said place and premises, intoxicating liquors.

"That the said Walter Comeaux in the said place and premises, was then and there and is now keeping and using, in the unlawful manufac-

ture, possessing and keeping for the purpose of sale, and sale of the said intoxicating liquors, certain stills, coils, barrels, bottles, jugs, containers, malt, chops, syrups, pipes and capping machines.——

"That the facts, circumstances and statements mentioned and set out in this affidavit in writing are, within the knowledge of the affiants true and correct, and that the affiants obtained their evidence and knowledge of the same as follows, to-wit:

"Several reputable citizens have reported to us that they have seen persons going into said house sober and coming out under the influence of intoxicant liquor and intoxicating liquors is being kept and sold there.

"WHEREFORE, affiants ask that a warrant to search the above described place and premises, and to seize said intoxicating liquors, and the said stills, coils, barrels, bottles, jugs, containers, malt, chops, syrup, pipes and capping machines,——in the said place and premises, be issued forthwith, and that a warrant for the arrest of the said Walter Comeaux, be forthwith issued, in accordance with law in such cases provided."

The search warrant followed the same description and authorized the search of the residence described, as well as the premises. There seems to be no doubt from the record that the premises in question consisted of a residence and also a garage or outhouse, where the whisky was found, situated on the same lot approximately forty to fifty feet back of said residence, and according to the state's witnesses, appellant stated that the whisky found in said out-building was his. We think that the description in the affidavit included the garage or outhouse searched by the officers.

Bill of exception No. 2 preserves an objection to the testimony of the officers that the appellant stated to said officers that he had been running for about three weeks after the witness Hamman had told him that he thought he had quit bootlegging. Appellant's objection was based on the ground that the witness Hamman had testified that he went there with the intention to arrest appellant and that the peace officers, Hamman and Edingon, had a warrant for appellant's arrest and that although they did not take physical custody of appellant at that time, Hamman and Edington had testified that it was their intention to arrest him, but that in fact said appellant was then and there under arrest at the time such statement was made and that such statement was not part of the res gestae.

Sufficient evidence is not incorporated in the bill to verify the truth of appellant's objections. The statement contained in the bill that the testimony could not be considered as a part of the res gestae because the same was long after the commission of the offense, if any, by the appellant, constitutes a mere statement of a ground of objection. It is not shown by said bill that appellant was actually under arrest, nor that at the time appellant made the statement that he thought or con-

sidered that he was under arrest. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true. It merely shows that such objection was made. See Branch's P. C., sec. 209; Edelen v. State, 103 Texas Crim. Rep., 562, 281 S. W., 1078; Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569. The bill not being sufficient to enable us to determine whether the trial court committed error in admitting the testimony, we must presume that the court's ruling was correct.

Bill of exception No. 3 complains of the action of the court in refusing to give to the jury appellant's instruction to find the appellant not guilty for the reason that the undisputed evidence disclosed that no intoxicating liquor was found in the private residence of the appellant on the 9th day of August, 1930. It is unnecessary for us to discuss this bill of exception further than to say that our discussion of bill No. 1 is applicable to this bill.

By bill of exception No. 4 appellant complains of the refusal of the court to give a special instruction requested by appellant upon circumstantial evidence. The evidence is direct that appellant admitted to the officers that the forty gallons of whisky found by them was possessed by him and that he had been bootlegging (or had "started up") about two or three weeks. This was prima facie evidence that appellant possessed the liquor for the purpose of sale. A charge on circumstantial evidence was therefore not required. See article 671, P. C.; Terry v. State, 101 Texas Crim. Rep., 267, 275 S. W., 837; Buchanan v. State, 298 S. W., 569.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In a motion for rehearing, accompanied by many citations of precedents and supported by a forceful argument, counsel for the appellant insists that this court erred in declaring that the trial judge was not in error in holding that the search warrant justifiied the search that was made in the garage in which the contraband liquor was found. In argument, the opinion in McTyre v. State, 19 S. W. (2d) 49, 113 Texas Crim. Rep., 31, is especially stressed. In McTyre's case, supra, application was made to search a "private residence". In executing the wararnt issued upon the authority of the application mentioned, other buildings within the enclosure were searched

and in one of them intoxicating liquor was found. The conclusion reached and expressed by this court in the McTyre case was that under the language of article 691, P. C., and title 6, C. C. P., and article 1, section 9 of the Constitution, the search of McTyre's outhouses was unauthorized for the reason that the description of the property in the affidavit and warrant was simply the private residence of McTyre. It is the principle there announced that the appellant, in his motion, contends should be applied to the facts of the present appeal. In the present case, in the application for the search warrant, the property to be searched is thus described:

"A certain place and premises situated in Jefferson County, Texas, described as follows, to-wit: A private residence, No. 1700 Brooklyn Street, City of Beaumont, Jefferson Co., Texas, the same being occupied and used by Walter Como & others as a private dwelling."

It is further stated in the application that intoxicating liquor was kept for the purpose of sale and sold in said "place and premises". It was also stated that affiants ask for a warrant to search the above "place and premises."

The warrant followed the terms of the affidavits.

The evidence bearing upon the question, coming from the officers, is quoted as follows:

"We searched the house located at 1700 Brooklyn Street in the City of Beaumont in this county, where Walter Comeaux lives. We did not find anything in the house. Next I searched the garage right back of the house. It was between 40 and 50 feet from the house. It was on the same lot. There is a family lives upstairs over it; somebody lives up there. There was nothing on one side. The other side was nailed up. In it we found about 40 gallons of whisky. Walter Comeaux came upon the premises after we had found the whisky. No arrest was then made but he was arrested a day or two later."

Note is taken of the fact that in describing the property to be searched, it was called a "place and premises" designated as a private residence at 1700 Brooklyn street, and that in subsequent parts of the affidavit, the locality is described as "said place and premises". In the particular last mentioned the application differs from that in McTyre's case where the property was designated simply as a "private residence". That to the extent of the search the affidavit limits the warrant we have no doubt. The question occurs, does the language of the affidavit referring to the property as a "place and premises" include the other buildings used in connection with the dwelling and situated upon the same lot as the mansion house?

Seale's case, 39 S. W. (2d) 58, is somewhat analogous to the present. The term "premises" has, in legal parlance, a meaning so broad and varied that its interpretation in a given case is to a great extent governed

by the context; that is to say, the manner of its use in the connection found tends to portray the intent with which it was embraced in the document. Illustrations are found in Words & Phrases, 2nd Series, vol. 3, p. 1144. The same observation is applicable to the word "place". See Brawley v. State, 114 Texas Crim. Rep., 605, 26 S. W. (2d) 244; Smart v. State, 115 Texas Crim. Rep., 147, 27 S. W. (2d) 813; Words & Phrases, 1st Series, vol. 6, p. 5383. In the present instance, under the facts before him, the trial judge construed the affidavit as giving the authority to search, not only the mansion house but the garage upon the same lot forming a part of the curtilage. See Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350.

It was shown on the trial without controversy that the appellant admitted the ownership of the whisky found and the intent to sell it. The whisky was found in the garage building. The garage was used as a dwelling-place by some person whose identity is not disclosed by the evidence as brought before this court. It being a dwelling-place situated upon the lot described in the complaint and warrant, which lot was under the control of the appellant, it is not within the province of this court to declare that the garage was not a part of the appellant's dwelling and therefore within the specific designations contained in the affidavit and warrant. If the garage was not his dwelling but the dwelling of others, than the appellant or his family, he is not in an attitude to complain of the evidence obtained in the search. See Craft v. State, 107 Texas Crim. Rep., 130, 295 S. W., 617; Ramsey v. State, 108 Texas Crim. Rep., 182, 299 S. W., 411.

Based upon the observations made above and those set forth in the original opinion, we express the opinion that the motion for rehearing should be overruled, which is accordingly ordered.

*Overruled.*

ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we declined to consider bill of exception No. 2 because it was not thought to be sufficiently comprehensive to authorize it. In his motion for rehearing this matter was adverted to by appellant but not discussed in the opinion on rehearing. For that reason, appellant claims he is entitled to have a second motion for rehearing considered. After again examining bill of exception No. 2 we are inclined to the view that our treatment of it in our original opinion is correct.

If we go to the statement of facts it discloses that one of the witnesses for the state who was present at the time of the search said that appellant came up at about the time the whisky was found, and that one of the officers then said to him, "I thought you had quit bootlegging," to which appellant replied, "I have been running about three weeks."

The officer then said, "If we had waited until tonight we would not have found this much, would we?" and that appellant laughingly replied, "No, sir." It must be borne in mind that appellant was on trial for possession of intoxicating liquor for the purpose of sale. If the bill of exception had been sufficiently full to have authorized our consideration it would have shown that what appellant said was res gestae and therefore admissible regardless of whether he was under arrest.

The request for leave to file second motion for rehearing is denied.

*Denied.*