CALVIN TUBBS v. THE STATE.

No. 15741.   Delivered March 29, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 220.

The opinion states the case.

*Myres & Pressly,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for a period of three years.

Several officers testified touching the result of the search. In one of the rooms of the dwelling, there was a half-gallon jar with about a quart of whisky in it. In another room were about fifty bottles of beer or "home-brew" which, according to the testimony, was intoxicating. In an outhouse about 75 feet from the dwelling, the officers found about 150 pints of beer or "home-brew." There was also a ten-gallon keg of mash in the outhouse which was used while making beer. Upon analysis, the beer was shown to contain over five per cent of alcohol by volume.

By objection duly preserved in a bill of exception, the appellant opposed the finding of the beer or "home-brew" in the outhouse some seventy-five feet from the dwelling-house.

The affidavit for the search warrant contained the following: "* * * that there is situated in said county and state a certain residence and tourist park, same being last house on West side of old highway No. 10 in the town of Granbury, Hood County, Texas, before crossing the old bridge over the Brazos River out of said county going toward Fort Worth, same being a 2-room frame building with shed on north end of same; that the said described *residence* and *premises* is occupied by Calvin Tubbs as his private residence."

In the search warrant the property was described in the

same manner as in the affidavit; that is to say, "a certain residence and tourist park, same being last house on west side of old highway No. 10 in the town of Granbury, Hood County, Texas, * * * same being a two-room frame building with shed on north end of same; said described residence and premises is occupied by Calvin Tubbs as his private residence."

In bill No. 4 complaint is made of the testimony of a chemist who analyzed the liquid known as "home-brew" or beer, and who testified that one of the bottles contained 6.27 per cent of alcohol by volume and the other bottle contained 5.36 per cent of alcohol by volume; that that amount would characterize the liquor as intoxicating. The appellant's contention seems to be that he was charged under article 666, P. C., which penalizes the possession of intoxicating liquor, and that he was not charged under article 667, P. C., which penalizes the possession of liquor containing in excess of one per cent of alcohol by volume. In a prosecution under article 666, supra, charging the possession of intoxicating liquor or liquor capable of producing intoxication, testimony showing that the liquor, though "home-brew," if shown to be intoxicating either by the testimony of persons who know its character or by proof of its alcoholic contents, becomes admissible as relevant evidence bearing upon the issue presented in an indictment under article 666, supra. Such was the indictment in the present case, which charges that the appellant did then and there unlawfully possess, for the purpose of sale, intoxicating liquor capable of producing intoxication.

In the case of McTyre v. State, 113 Texas Crim. Rep., 31, the affidavit and search warrant described the premises as a "private residence." It was held that, under such a warrant, the search must be confined to the private dwelling or mansion house. In Comeaux' case, 42 S. W. (2d) 255, the point made was the same as that for which the appellant contends in the present case. In that case, in the affidavit for the search warrant, the property was described as "a certain *place* and *premises,* situated in Jefferson county, Texas, described as follows, to-wit: "A private residence No. 1700 Brooklyn Street, City of Beaumont, Jefferson County, Texas, the same being occupied and used by Walter Comeaux and others, as a private dwelling."

It was further stated in the application for the search warrant that intoxicating liquor was kept for the purpose of sale and sold in said place and residence. A like statement was contained in the affidavit for the search warrant. From the Comeaux case, supra, the following quotation is taken: "Seale's

case, 118 Texas Crim. Rep., 324, 39 S. W. (2d) 58, is somewhat analogous to the present. The term 'premises' has, in legal parlance, a meaning so broad and varied that its interpretation in a given case is to a great extent governed by the context; that is to say, the manner of its use in the connection found tends to portray the intent with which it was embraced in the document. Illustrations are found in 3 Words and Phrases, Second Series, page 1144. The same observation is applicable to the word 'place.' See Brawley v. State, 114 Texas Crim. Rep., 605, 26 S. W. (2d) 244; Smart v. State, 115 Texas Crim. Rep., 147, 27 S. W. (2d) 813; 6 Words and Phrases, First Series, page 5383. In the present instance, under the facts before him, the trial judge construed the affidavit as giving the authority to search, not only the mansion house, but the garage upon the same lot forming a part of the curtilage. See Wolf v. State, 110 Texas Crim. Rep., 124, 9 S. W. (2d) 350."

It is thought that the same principle applies to the present record. There is no contention that the liquor found in the outhouse was not the property of the appellant.

Upon the facts before us, we are constrained to affirm the judgment of conviction, and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is only when the place sought to be searched is a private residence, that it is necessary that there be a statement in the affidavit for search warrant that intoxicating liquor is being sold or manufactured in such residence. The affidavit in the case before us made such statement with reference to the private residence of appellant, but went further and sought the issuance of a warrant for search of premises of appellant other than the private residence. As to that part of the territory sought to be searched, it was not necessary to state in the affidavit that intoxicating liquor was being sold or manufactured thereon. See majority opinion in McTyre v. State, 113 Texas Crim. Rep. 31; Ruhman v. State, 113 Texas Crim. Rep., 529; Robie v. State, 117 Texas Crim. Rep., 285; Comeaux v. State, 118 Texas Crim. Rep., 228.

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*