Daniel BESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–191–CR.
(2194cr).

Court of Appeals of Texas,
Corpus Christi.

May 20, 1982.

Discretionary Review Refused
Oct. 6, 1982.

Kenneth A. Korth, Victoria, for appellant.

Knute Dietze, Criminal Dist. Atty., Victoria, for appellee.

Before BISSETT, UTTER, and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from three convictions for receiving stolen property. Tex.Penal Code Ann. 31.03(b)(2) (Vernon 1974). In cause number 81–4–10,254, the defendant pled not guilty and was convicted by a jury; in cause numbers 81–4–10,255 and 81–4–10,-256 the defendant pled guilty. In each case the punishment was assessed at ten years' confinement in the Texas Department of Corrections.

The defendant's attorney raises four grounds of error, all of which challenge the legality of the search of the defendant's house. Prior to trial the defendant raised these issues by written motion and therefore, despite his pleas of guilty, this court may consider these issues. Tex.Code Crim. Proc. art. 44.02 (Vernon 1979).

The record reflects that on January 7, 1981, three persons burglarized a home in Victoria and removed a large quantity of silverware therefrom. The trio then went to the home of the defendant and sold him the silverware. The defendant paid approximately $600.00 for the silverware, which was valued in excess of $10,000.00. Two days later, one of the participants in the burglary signed a sworn confession admitting the burglary and stating that the silverware was sold to the defendant.

Based upon the sworn confession, a combination search and arrest warrant was applied for and issued. The warrant authorized the search of:

"A SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS:

A one story wood frame residence, located at, and known as, 2022 Jackson Road, Victoria, Victoria County, Texas. Said residence being white in color with blue trim."

The warrant also authorized the arrest of the defendant, who resided at the above described residence.

Almost immediately, after the issuance of the warrant, six to eight officers arrived at the defendant's home. A search of the interior of the house revealed none of the stolen property. The officers then searched the area behind the house. The stolen property was found in a five-gallon can hidden in a doghouse located thirty to forty-two feet from the house. The defendant was arrested and charged with the offense of receiving stolen property.

Prior to his trials, the defendant filed a motion to suppress the property found in the search. An evidentiary hearing was conducted by the trial court, after which the motion was overruled.

In his first ground of error, the defendant contends that the search of the doghouse was beyond the scope of the warrant and therefore illegal. We disagree. The search warrant authorized the search of the "PLACE AND PREMISES" located at 2022 Jackson Road. Such language has been held to include sheds and other outbuildings located behind the principal residence. *Tubbs v. State*, 124 Tex.Cr.R. 65, 60 S.W.2d 220, 221 (1933) (outhouse 75 feet from house); *Comeaux v. State*, 118 Tex. Cr.R. 223, 42 S.W.2d 255, 256 (1931) (garage 40 to 50 feet from house); *Seale v. State*,

118 Tex.Cr.R. 324, 39 S.W.2d 58, 59 (Tex. Crim.App.1931) (garage 25 feet from service station).

In his second ground, the defendant contends that the fruits of the search should have been suppressed because the credibility of the informant was not established as required by *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

 The informant was named in the affidavit which formed the basis for the issuance of the warrant. The affidavit contained sufficient facts to suggest that the informant had direct knowledge of the information given by him. He was a party to the burglary and of the sale to the defendant. We hold that the "second-prong" or the credibility requirement of *Aguilar* was satisfied. *Avery v. State*, 545 S.W.2d 803, 804 (Tex.Cr.App.1977).

In his two remaining grounds, the defendant contends that there was insufficient probable cause to issue the warrant because the confession contained the following exculpatory statement: "We did not tell Danny Bess the silverware was stolen." This statement does *not* exculpate the defendant. It merely states that there was no express confirmation that the silverware was stolen. The confession also stated that the defendant paid $600.00 for the silverware which was known to be valued in excess of $10,000.00. We hold that there was sufficient probable cause to believe that the defendant was in possession of property he knew was stolen.

The four grounds of error raised by the defendant are overruled and the judgment of the trial court is AFFIRMED.