**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Terrence Patrick MOORE,**
**Defendant-Appellant.**

**No. 84–1116.**

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1984.

Rehearing Denied Oct. 24, 1984.

---

Gerald H. Goldstein, Ralph A. Lopez, San Antonio, Tex., Russell Busby, Austin, Tex., for defendant-appellant.

Edward C. Prado, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOLLY and DAVIS, Circuit Judges, and GARCIA,* District Judge.

W. EUGENE DAVIS, Circuit Judge:

Terrence Patrick Moore appeals from his conviction of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), contending that state law governs the legality of the search and under state law the cocaine supporting his conviction was seized as a result of an unlawful search. We conclude that the district court did not err in denying the motion to suppress and affirm.

On December 13, 1982, a confidential informant contacted the Austin Police Department and told one of its officers that he had seen cocaine inside Moore's private residence at 4901 Strass Drive in Austin, Texas and that Moore stored cocaine inside a safe in the residence. The officer executed an affidavit and obtained a search warrant for Moore's residence from a state judge. The affidavit described the place to be searched as "a certain building, house or place, occupied and used as a private residence located in Austin, Travis County, Texas and being the building, house or place of Terry Moore ...." The warrant authorized a search of the "above described premises".

Several state law enforcement officers, with the assistance of a Drug Enforcement Administration (DEA) agent, then executed the search warrant. When Moore answered the door, he was searched; two grams of cocaine, $1,516 in cash and a .380 Walters pistol were found on his person. The officers searched the house and found one safe in the master bedroom and a floor safe containing $54,200 in a bathroom. After advising Moore of his *Miranda* [1] rights, the officers asked him whether there were any other safes on the premises; Moore responded that there was a safe in the garage which contained only deeds and documents. The house and garage were separate buildings about thirty-five to forty feet apart but enclosed in a single fence. A paved walkway connected the two buildings. The officers proceeded to the garage, entered, then found and opened the safe which contained over three pounds of cocaine.

Moore was indicted for possession of cocaine with intent to distribute. He moved to suppress the evidence discovered in the garage safe on the ground that it was obtained by a search which was illegal under state law because the search exceeded the scope of the warrant. The district court denied the motion, concluding that (1) federal law applied; (2) under federal law the search was valid because the affidavit and warrant permitted the officer to search both Moore's house and garage; and (3) even if state law applied, the search was reasonable. Moore was subsequently convicted and sentenced to a prison term of fifteen years, a special parole term of twenty-five years, and fined $25,000.

---

* District Judge of the Western District of Texas, sitting by designation.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Moore argues that a state search warrant must satisfy state standards in order for evidence seized pursuant to that warrant in a state search to be admissible at a federal prosecution. Under Texas law, he asserts, the search was unlawful because it exceeded the scope of the warrant. Moore does not dispute that if federal law applies, the search would be legal. The government asks us to answer the question reserved in *United States v. Mahoney*, 712 F.2d 956 (5th Cir.1983) and to hold that in a federal prosecution, federal law governs the legality of the underlying arrest or search.[2] We need not extend *Mahoney*, however, for we conclude that even if state law governs, the search here was valid and the admission of the fruits of that search proper.

■ We conclude that the search of the garage was within the scope of the warrant under Texas law. The search warrant authorized the search of the premises described as "a certain building, house or place of Terry Moore ...." Similar language has been held to include doghouses, garages and other buildings near the house. See, e.g. *Bess v. The State of Texas*, 636 S.W.2d 9 (Tex.Ct.App.1982) (doghouse located thirty to forty-two feet from house); *Comeaux v. State*, 118 Tex.Cr.R. 223, 42 S.W.2d 255 (1931) (garage forty to fifty feet from house); *Seale v. State*, 118 Tex.Cr.R. 324, 39 S.W.2d 58 (1931) (garage twenty-five feet from service station).

■ The appellant also asserts that the district court considered unreliable information[3] in arriving at the sentence imposed and the case should be remanded for a new sentencing: This contention relates to whether the district court was entitled to consider an account book seized in defendant's garage safe along with the cocaine. From our review of the exhibit in light of

the surrounding circumstances, it is probable that the entries in the account are a running account of sales of cocaine to ten different purchasers. The trial court ordered deleted all references in the presentence report to the net profit made by defendant from his cocaine operations and the value of defendant's assets. We conclude that the trial court did not abuse its discretion in considering the account book and the statements in the presentence report based on information in the account book relating to the volume of cocaine defendant sold and the amount of gross sales for the period covered by the account book.

AFFIRMED.

**2.** In *Mahoney*, the panel held that in a federal prosecution, federal law governs the decision whether to apply the exclusionary rule regardless of whether state law determined the legality of the underlying arrest or search. 712 F.2d at 959.

**3.** *United States v. Tobias*, 662 F.2d 381, 388 (5th Cir.1981), cert. denied, 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982); *United States v. Clements*, 634 F.2d 183, 186 (5th Cir.1981); *United States v. Ching*, 682 F.2d 799, 801 (9th Cir. 1982); *United States v. Battaglia*, 478 F.2d 854, 854 (5th Cir.1972).