Criminal Case Template











 




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





TINA NAJERA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-01-00328-CR


Appeal from the


168th Impact Court


of El Paso County, Texas


(TC# 990D05652)



M E M O R A N D U M O P I N I O N



 This is an appeal from a conviction for the offense of possession of marijuana in an
amount greater than fifty pounds and less than two-thousand pounds. Appellant pleaded
guilty and the court assessed punishment at ten (10) years' community supervision and a fine
of $1,000. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 The evidence adduced at trial revealed that on November 12, 1999, a police search at
10801 Fort Worth Street in El Paso, Texas, pursuant to a search warrant, resulted in finding
142 bundles of marijuana in a cardboard box in the backyard of the residence. The contents
of the box weighed approximately 277 pounds. At the pre-trial hearing held on Appellant's
motion to suppress the evidence, the only evidence admitted consisted of the search warrant
and affidavit. The portion of the search warrant pertinent to this appeal, the description of
the property to be searched, read as follows:

 1. THERE IS IN EL PASO COUNTY, TEXAS A SUSPECTED PLACE
DESCRIBED AND LOCATED AS FOLLOWS: 10801 Forth Worth is described
as a single story family dwelling constructed of brown brick with pink color wooden
trimming, a white shingle roof and black color wrought iron on the windows and
front door. The suspected place has a two car attached garage which faces south
towards Ballinger St. and the front door faces east towards Fort Worth at Ballinger. 
10801 Fort Worth is located at the northwest corner of Fort Worth. No numbers for
the address are visible, but the suspected place is south of 10805 Fort Worth. 


 The trial court denied Appellant's motion to suppress the evidence. 


II. DISCUSSION


 

 In the Appellant's sole issue, she asserts that the trial court abused its discretion by
denying her motion to suppress the marijuana. Specifically, Appellant maintains that the
search warrant did not specify a search of the backyard of the residence where the contraband
was found. Therefore, Appellant reasons that, as the police exceeded the scope of the search
warrant, the contraband was obtained in violation of the state criminal trespass law and it
should have been suppressed. 

 In reviewing a trial court's ruling on a motion to suppress evidence, we apply a
bifurcated standard of review. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App.
2002). We give almost total deference to the trial court's determination of historical facts,
while conducting a de novo review of the trial court's application of the law to those facts.
Id. During a motion to suppress hearing, the trial court is the sole trier of fact. Id.
Accordingly, the trial judge may choose to believe or disbelieve all or any part of a witness'
testimony. Id. When, as here, no explicit findings of fact are filed, we must view the
evidence in the light most favorable to the ruling and sustain the decision if it is correct on
any applicable theory of the law. Id.

 A search is unreasonable and violates the protections of the Fourth Amendment if it
exceeds the scope of the authorizing warrant. U.S.C.A. Const. Amend. IV; Long v. State,
532 S.W.2d 591, 596 (Tex. Crim. App. 1976). The purpose of a search warrant is two-fold: 
to assure that there is adequate probable cause to search and to prevent the mistaken
execution of the warrant against an innocent third party. Bridges v. State, 574 S.W.2d 560,
562 (Tex. Crim. App. 1978). The requirement that a search warrant be specific prohibits
general searches and prevents the vesting of complete discretion in the officer who executes
that warrant. Chambers v. State, 508 S.W.2d 348, 352 (Tex. Crim. App. 1974). The scope
of the search warrant is governed by its terms, but the search may be as extensive as is
reasonably required to locate items described in the warrant. See Haynes v. State, 475
S.W.2d 739, 741-42 (Tex. Crim. App. 1971); Long v. State, 108 S.W.3d 424, 425 (Tex.
App.--Tyler 2003, pet. granted). Search warrants and affidavits should be considered in a
common sense manner, and hypertechnical readings should be avoided. See Spinelli v.
United States, 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637 (1969); Long, 108
S.W.3d at 425. If a warrant specifies a place under the designation by which it is commonly
known, though the exact description is not correct, the warrant will be upheld. United States
v. Palmer, 667 F.2d 1118, 1120 (4th Cir. (Ind.) 1981), cert. denied, 464 U.S. 817, 104 S.Ct.
76, 78 L.Ed.2d 88 (1983).

 The issue before us is whether a search warrant with the above-referenced language
in the description of the property to be searched also authorizes, without so stating, the search
of the Appellant's backyard. The search warrant in the present case used the phrase
"'suspected place'" followed by the address and a description of Appellant's residence. In
Comeaux v. State, 42 S.W.2d 255, 258 (Tex. Crim. App. 1931)(opinion in reh'g) the Court
held that a search warrant which authorized the search of a home, was broad enough to
encompass a search of the residence and an unattached garage forty to fifty feet from the
residence. The warrant in that case described the property as a "certain place and premises"
located at a certain address. Id. at 257. The police had found the contraband in a garage
approximately forty to fifty feet away from the residence. In defining the word "premises",
the Court stated:

 [t]he term "premises" has, in legal parlance, a meaning so broad and varied that its
interpretation in a given case is to a great extent governed by the context; that is to
say, the manner of its use in the connection found tends to portray the intent with
which it was embraced in the document. 


 Id. at 258. Further, that Court stated that ". . . [t]he same observation is 


applicable to the word place." Id. 



 In Bess v. State, 636 S.W.2d 9, 10 (Tex. App.--Corpus Christi 1982, pet. ref'd
untimely filed), a search warrant using the language, "a certain place and premises," was held
to allow the search of a doghouse thirty to forty-two feet from the residence. In the Long
case, the Tyler Court of Appeals held that the language, "a suspected place and premises",
allowed for the search of a red caboose which was used as a residence and was not described
in the search warrant. The search warrant described a silver passenger train car used as the
defendant's business which was next to the red caboose. Long, 108 S.W.3d at 426-29.

 In United States v. Moore, 743 F.2d 254 (5th Cir. (Tex.) 1984), the Fifth Circuit, in
interpreting Texas law, held that the search of a detached garage was within the scope of a
warrant that authorized the search of the premises described in the warrant as "'a certain
building, house or place of'" the accused. Id. at 256. Other jurisdictions have arrived at
similar holdings. See United States v. Griffin, 827 F.2d 1108, 1114-1115 (7th Cir. (Ind.)
1987, cert. denied, 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 243 (1988) (the particularly
described "premises" located at a certain address included the yard and toolshed.); United
States v. Bonner, 808 F.2d 864, 868 (1st Cir. (Mass.) 1986), cert. denied, 481 U.S. 1006, 107
S.Ct. 1632, 95 L.Ed.2d 205 (1987) (phrase "properties" included the search of a detached
garage, and "properties" held to be synonymous with "premises"). 

 In the present case, the only evidence before us was that the marijuana was found in
a cardboard box in the backyard. Clearly, given he aforementioned authority, the backyard
of a residence is a portion of the property associated with the residence and was subject to
search under the description found in the search warrant. Accordingly, Issue No. One is
overruled.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

March 4, 2004


 RICHARD BARAJAS, Chief Justice




Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.



(Do Not Publish)