TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00720-CR





Patrick Affatato, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 9040024, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






O P I N I O N



 Appellant entered a plea of guilty to the offense of possession of a controlled
substance and was sentenced to eight years' probation. At a pre-trial hearing, the trial court denied
appellant's motion to suppress evidence obtained from his rented garage unit. In his sole point of
error, appellant contends that the trial court erred in admitting the evidence because it was gathered
in an illegal search outside the scope of the search warrant. We overrule this point and affirm the
conviction.


BACKGROUND

 On September 3, 2003, police officers were dispatched to appellant's apartment to
investigate reports of a disturbance between a man and a woman. Upon arrival, Austin police officer
J. Castleberry was informed of appellant's drug activity by his live-in girlfriend and obtained a
warrant to search the premises. The girlfriend stated that the appellant "goes to his garage #P3
located in the parking area of the apartment complex" and brings back to his apartment a glass bowl
containing methamphetamine. The warrant incorporated by reference Officer Castleberry's affidavit,
which included this statement. The warrant itself authorized a search of appellant's "apartment at
2811 La Frontera Blvd. #2337, Austin, Travis County, Texas, as well as all outbuildings, motor
vehicles and curtilage thereof." 

 The warrant specifically described the apartment itself, indicating its number, floor,
and orientation. Although it referred to "outbuildings" and "curtilage," the warrant did not
specifically describe appellant's garage. Officer Castleberry executed the warrant and searched
appellant's apartment and garage unit labeled #P3, located on the premises of the apartment complex
and leased to appellant along with his residence. The evidence found in the garage led to appellant's
arrest and indictment for possession of a controlled substance.


DISCUSSION


 Appellant argues that the garage was not properly within the scope of the warrant
because the garage could not be considered within the curtilage of the apartment. Detached garages
are generally within the curtilage of a residence. Comeaux v. State, 42 S.W.2d 255, 257 (Tex. Crim.
App. 1931) (right to enter and search home includes right to search less private and protected
outbuildings such as garage or chicken coop.); see Long v. State, 132 S.W.3d 443, 448 (Tex. Crim.
App. 2004) (explaining Comeaux's general rule: "The right to enter an search a person's home--his
bedroom, his bathroom, his kitchen, all of his most intimate preserves--must surely carry with it the
right to search those areas less private and less protected that are nonetheless part and parcel of his
residence, areas such as a garage, tool shed, or chicken coop."); Seale v. State, 39 S.W.2d 58, 59
(Tex. Crim. App. 1931) (description of filling station included garage located twenty-five feet away);
Davila v. State, 871 S.W.2d 806, 814 (Tex. App.--Corpus Christi, 1994, pet. ref'd) (detached garage
separated from house by wooden fence was inside curtilage of house); United States v. Moore, 743
F.2d 254, 256 (5th Cir. 1984) (citing Comeaux to hold that under Texas law, detached garage located
forty or fifty feet away was within curtilage of house though description of dwelling did not mention
either garage or automobile). 

 Appellant argues that this general rule does not apply in his case because the parking
lot and sidewalk separating the apartment and the garage are public spaces and would not themselves
be considered part of the curtilage of the apartment. See Evans v. State, 995 S.W.2d 284, 285 (Tex.
App.--Houston [14th Dist.] 1999, pet. ref'd) (parking lots and sidewalks of apartment complexes
are public spaces where residents have no reasonable expectation of privacy); Cuero v. State, 845
S.W.2d 387, 391 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd) ("public place" is any place
where substantial group of public has access, including common areas of apartment houses). 
However, the nature of the space between the garage and the apartment is irrelevant to the question
before us, as is the question of curtilage in general. We need only decide if the warrant was
sufficiently specific to apprise the officers of where they were to conduct the searches. Palmer v.
State, 614 S.W.2d 831, 833 (Tex. Crim. App. 1981); Haynes v. State, 475 S.W.2d 739, 740 (Tex.
Crim. App. 1971) (where warrant describes location in multi-unit dwelling, description must contain
sufficient guidelines to apprise officers of particular unit to be searched). 

 A trial court's application of the law of search and seizure is reviewed de novo when
considering that court's ruling on a motion to suppress evidence. Walter v. State, 28 S.W.3d 538,
540 (Tex. Crim. App. 2000). If a trial court's decision is correct on any theory of law applicable to
the case, the decision will be sustained. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App.
2000).

 The Fourth Amendment commands that no warrant shall issue except one
"particularly describing the place to be searched." U.S. Const. amend. IV. A search made under the
authority of a search warrant may extend to the entire area covered by the warrant's description.
Long, 132 S.W.3d at 448 (citing Wayne R. Lafave, Search and Seizure, § 4.10(a), at 654 (3d ed.
1996)). However, when a search exceeds the scope of the warrant, evidence obtained must be
excluded. See Tex. Code Crim. Proc. Ann. art. 38.23 (West 2004). When courts examine the
description of the place to be searched to determine the warrant's scope, they follow a common sense
and practical approach, not an overly technical one. Id. (citing United States v. Ventresca, 380 U.S.
102, 108 (1965); Ker v. California, 374 U.S. 23, 33 (1963)). 

 When an affidavit is attached to the warrant, the documents should be considered
together as defining the place to be searched. Long, 132 S.W.3d at 447 n.11; Green v. State, 799
S.W.2d 756, 760 (Tex. Crim. App. 1990). Where, as here, a warrant incorporates an affidavit by
reference, that affidavit becomes part of the search warrant. Green, 799 S.W.2d at 760. Descriptions
in the affidavit control over the language in the warrant itself. Long, 132 S.W.3d at 447 n.11; see
Green, 799 S.W.2d at 760 (affidavit given to secure search warrant controls over search warrant with
respect to location to be searched); Riojas v. State, 530 S.W.2d 289, 303 (Tex. Crim. App. 1975)
(description of place to be searched in affidavit controls description of place in search warrant). 

 Where a warrant contains accurate directions concerning the location of the place to
be searched and a showing is made that the place searched was the place described, the warrant
meets the requirements of specificity. Haynes, 475 S.W.2d at 741. The affidavit controls because
it is the actual instrument upon which validity of the search must succeed or fail, and thus is usually
more specific and precise in reciting the information known to an affiant than is the warrant which
follows. See, e.g., Long, 132 S.W.3d at 447 n.11. The affidavit is intended to inform and persuade;
the warrant simply executes the determination of probable cause made by the magistrate. Green, 799
S.W.2d 756, 760. 

 The affidavit attached to the warrant clearly gives appellant's street address,
apartment number and garage number. Appellant confirmed that garage #P3 was his garage at the
pre-trial hearing. Officers were able to, and actually did, locate appellant's garage with specificity
and did not engage in the type of general search and seizures that our forefathers feared. See Haynes,
475 S.W.2d at 740; see also Long, 132 S.W.3d at 448 (citing United States v. Heldt, 668 F.2d 1238, 
1257 (D.C. Cir. 1981) for proposition that particularity requirement for warrants serves constitutional
function of preventing general searches and seizures). 

 Although the garage was not physically proximate to the apartment in an exclusive
manner, nor tied to the apartment by number, the police were adequately able to distinguish it from
other garages in the community. Etchieson v. State, 574 S.W.2d 753, 759 (Tex. Crim. App. 1978)
(to be sufficiently definite warrant need only enable officer to locate property and distinguish it from
other places in community). There is no evidence in the record to show that garage #P3 was known
by any other description, or that the identifier "#P3" could have applied to any other place within the
apartment complex. Palmer, 614 S.W.2d at 834 (appellant's assertion of error overruled when there
was no evidence that address was sufficient to locate correct place or was transferable to another
location); see also Johnson v. State, 469 S.W.2d 581, 586 (Tex. Crim. App. 1971) (where appellant
did not show that there were two streets named Bettina in Houston, assertion of error from warrant's
use of "Bettina Street," when apartment searched was actually on "Bettina Court," was overruled).

 The underlying constitutional objectives of the particularity requirement are (1)
ensuring that the officer searches the right place; (2) confirming that probable cause is, in fact,
established for the place described in the warrant; (3) limiting the officer's discretion and narrowing
the scope of his search; (4) minimizing the danger of mistakenly searching the person or property
of an innocent bystander or property owner; and (5) informing the owner of the officer's authority
to search that specific location. Long, 132 S.W.3d at 447. Because the description in the affidavit
was sufficient to direct officers in their search with specificity, and because that search was in fact
specific, none of the underlying interests were harmed. See Haynes, 475 S.W.2d at 740. Therefore,
we overrule appellant's point of error and affirm the decision of the trial court denying the motion
to suppress evidence.


CONCLUSION

 Because the affidavit clearly and specifically described both the apartment and the
garage as places to be searched, the search was permissible under the authority of the warrant. The
trial court did not err in refusing to exclude the evidence. We overrule appellant's point of error and
affirm the decision of the trial court.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 3, 2005

Publish