COTTERILL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-343-CR

ANDREW MICHAEL COTTERILL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Andrew Michael Cotterill appeals from his conviction of possession of five pounds or less, but more than four ounces of marijuana.  In two points, appellant alleges that the trial court erred in denying his motion to suppress alleged oral statements in violation of Texas Code of Criminal Procedure article 38.22 and article 1, section 10, of the Texas Constitution and 
in violation of the Fourth, Fifth, Sixth
, and Fourteenth
 Amendments to the United States Constitution.  
We affirm.

Factual Background

On December 8, 2000, an investigator with the North Texas Narcotics Task Force and ten to twelve other officers served a search warrant on a residence in The Colony.  Joseph Garrison was the only person home at the time.  The officers found approximately fifty-three marijuana plants, which Garrison admitted were his and appellant’s.  The evidence is conflicting as to whether the officers then merely called appellant and asked him to come to the home or if they threatened to involve his wife and children if he did not cooperate.  After appellant arrived and allegedly admitted involvement in the offense
(footnote: 2), the officers agreed to release him if he would cooperate and “work off” the offense.
(footnote: 3)  The police did not contact appellant again until eight months later when he was arrested.  When the court denied appellant’s motion to suppress his oral statements, he subsequently pled guilty to the offense and was sentenced by the court.

Oral Statements

In his first point, appellant contends that the trial court erred in denying his motion to suppress alleged oral statements in violation of Texas Code of Criminal Procedure article 38.22 and article 1, section 10, of the Texas Constitution.
(footnote: 4)  
Tex. Const
. art. I, § 10; 
Tex. Code Crim. Proc. Ann
. art. 38.22, § 3(a) (Vernon Supp. 2003).  The State responds that the statements were not obtained in violation of article 38.22 because appellant was not under custodial arrest at the time of the statements.  

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and their testimony.  
Maxwell v. State
, 73 S.W.3d 278, 281 (Tex. Crim. App.), 
cert. denied
, 123 S. Ct. 603 (2002).  The appropriate standard for reviewing a trial court's ruling on a motion to suppress is a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Id
.  If the trial court did not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's ruling.  
Id
.

Generally, oral statements made by an accused as a result of a custodial interrogation are not admissible against an accused. 
 
Tex. Code Crim. Proc. Ann
. art. 38.22, § 3(a);
 Leal v. State
, 82 S.W.3d 84, 89 (Tex. App.—San Antonio 2002, pet. ref’d).  This rule is strictly construed.  
Tex. Code Crim. Proc. Ann
. art. 38.22, § 3(e).  However, the Texas Code of Criminal Procedure provides exceptions to the general rule.  
See
 
Tex. Code Crim. Proc. Ann
. art. 38.22, § 3, 8 (Vernon Supp. 2003), § 5 (Vernon 1979).

We must first determine whether appellant’s statements were the product of custodial interrogation.  If not, then no warnings needed to be given, and the trial court did not err in overruling his motion to suppress the statements. 
Miranda
 and article 38.22 of the Texas Code of Criminal Procedure apply only to statements made as a result of custodial interrogation.  
Miranda v. Arizona
, 384 U.S. 436, 479, 86 S. Ct. 1602, 1630 (1966); 
Dowthitt v. State
, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996); 
Rodriguez v. State
, 939 S.W.2d 211, 215 (Tex. App.—Austin 1997, no pet.) (op. on reh’g).  They are not applicable to statements resulting from noncustodial interrogation.  
Rodriguez
, 939 S.W.2d at 215.  Thus, if appellant's statements did not stem from custodial interrogation, neither 
Miranda
 nor article 38.22 requires its suppression. 
 See id
.

In determining whether an individual was in custody, a court must examine all of the circumstances, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement to the degree associated with a formal arrest.  
California v. Beheler
, 463 U.S. 1121, 1125, 103 S. Ct. 3517, 3520 (1983); 
Dowthitt
, 931 S.W.2d at 254.  The relevant question is not the officer's subjective intent, but rather how a reasonable person in the suspect's position would have understood the situation.  
Dowthitt
, 931 S.W.2d at 254.  The “reasonable person” standard assumes an innocent person.  
Id
. at 254. 

The Texas Court of Criminal Appeals has outlined at least four general situations which may constitute custody:  (1) when the suspect is physically deprived of his freedom of action in any significant way; (2) when a law enforcement officer tells the suspect that he cannot leave; (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.  
Id
. at 255.  The first three situations require a restriction upon freedom of movement that amounts to the degree associated with an arrest as opposed to an investigative detention.  
Id
.  Concerning the fourth situation, the officers' knowledge of probable cause must be manifested to the suspect.  
Id
. 

Here, the trial court made explicit findings on the record that prior to making the statements, appellant was given all the warnings required under the Constitution; appellant intelligently and with full knowledge and understanding of his rights waived his right to remain silent; and appellant made the oral statements at such time that “he was not under arrest and under such circumstances a reasonable person, innocent of a crime, would not have considered himself under arrest.”  Accordingly, we must give almost total deference to these determinations of historical facts. 
 Maxwell
, 73 S.W.3d at 281.  

The trial court also found the following facts by implication:

• Officer Cain asked appellant to come to the house because he had some questions concerning the marijuana at the residence.

• Officer Cain did not threaten appellant’s family or use any intimidating factors to coerce appellant to come to the house or to admit his involvement in the operation.

• When appellant arrived at the residence, the officers introduced themselves, gave him his 
Miranda
 warnings, and told him why they were there.  Officer Cain stated that appellant was not placed under arrest or put in handcuffs, but was lawfully detained.

 

• The officers did not take appellant to the back room or say anything about getting handcuffs.

• Appellant agreed to work off his charge.

• The officers questioned appellant for approximately twenty minutes.

Such evidence is reviewed in the light most favorable to the trial court’s ruling. 
See id
. (holding that if the trial court did not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's ruling).  Furthermore, the judge in this case was entitled to believe Officer Cain’s testimony over Mr. Garrison’s testimony.  
Id
.; 
Stahle v. State,
 970 S.W.2d 682, 691 n.6 (Tex. App.—Dallas 1998, pet. ref’d).

With these facts in mind, we now review de novo the trial court’s application of the law to determine if appellant was under custodial interrogation.  
Maxwell
, 73 S.W.3d at 281.  

Here, Officer Cain did not force or threaten appellant to come to the residence, but merely asked appellant to come over so he could answer a few questions concerning the marijuana operation.  When a person follows such a request, his presence is deemed voluntary, and courts have held that he has not been taken into custody.  
See Shiflet v. State
, 732 S.W.2d 622, 628 (Tex. Crim. App. 1985); 
Cagle v. State
, 23 S.W.3d 590, 592 (Tex. App.—Fort Worth 2000, pet. ref’d) (op. on reh’g); 
Lewis v. State
, 15 S.W.3d 250, 255 (Tex. App.—Texarkana 2000, no pet.); 
Bates v. State
, 15 S.W.3d 155, 160 (Tex. App.—Texarkana, pet. ref’d), 
cert. denied
, 531 U.S. 1013 (2000).  Officer Cain informed appellant he was not under arrest but was merely being lawfully detained.  The fact that appellant knew he was a suspect did not establish custody under these circumstances because he was told he was not under arrest.  
See Gregory v. State
, 56 S.W.3d 164, 175 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. dism’d), 
cert. denied
, 123 S. Ct. 1787 (2003).

While at the residence, appellant was never handcuffed or threatened.  Furthermore, the officers only questioned him for twenty minutes and then left.  Appellant’s voluntary presence at the residence, “where there were no threats or physical force used, no handcuffs, and no weapons drawn, hardly constitutes an arrest.”  
Lewis
, 15 S.W.3d at 255.  Although Officer Cain gave appellant 
Miranda
 warnings, he testified that the warnings were merely standard procedure.  
See Dancy v. State
, 728 S.W.2d 772, 777 (Tex. Crim. App. 1987) (holding that recitation of 
Miranda
 warnings was more indicative of proper cautiousness than of an intention to arrest), 
cert. denied
, 484 U.S. 975. 

Under all of these circumstances, an innocent, reasonable person would not have felt that he was under arrest.
(footnote: 5)  Thus, appellant’s statements were not the product of custodial interrogation, and no warnings needed to be given.  
Miranda
, 384 U.S. at 479, 86 S. Ct. at 1630; 
Dowthitt
, 931 S.W.2d at 263; 
Rodriguez
, 939 S.W.2d at 215.  Accordingly, the trial court did not err in overruling appellant’s motion to suppress because neither 
Miranda
 nor article 38.22 required the suppression of his statements.  
Miranda
, 384 U.S. at 479, 86 S. Ct. at 1630; 
Dowthitt
, 931 S.W.2d at 263; 
Rodriguez
, 939 S.W.2d at 215.  Appellant’s first point is overruled. 

Constitutional Arguments
 

In his second point, appellant alleges that the trial court 
erred in denying his motion to suppress alleged oral statements in violation of the Fourth
, Fifth, Sixth
, and Fourteenth Amendments to the United States Constitution.  The State responds that appellant has not preserved error based on the Fourth
 and Sixth
 Amendments and that there was no Fifth
 Amendment violation.  

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).  

In appellant’s motion to suppress oral statements, he only complained that the court violated his Fifth Amendment right to remain silent.  He never argued that his Fourth or Sixth Amendment rights were violated.  Furthermore, while arguing his motion to suppress in the trial court, he only complained of a Fifth Amendment violation.  Therefore, appellant did not preserve for appeal his Fourth and Sixth Amendment arguments.  
See
 
Tex. R. App. P
. 33.1. 

Having previously determined that appellant received 
Miranda
 warnings and his statements were not the product of custodial interrogation, his Fifth Amendment right to remain silent was not violated.  Thus, appellant’s second point is overruled.
(footnote: 6) 

Conclusion

Having overruled both of appellant’s points, we affirm the trial court’s judgment.
 

TERRIE LIVINGSTON

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED: July 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Appellant specifically admitted that he was a partner with Garrison in the marijuana operation and that they sell what they need and smoke the rest.

3:
Officer Cain testified that to “work off” the offense, appellant was willing to take him to other places that also had marijuana plants in exchange for the case pending.

4:
Although appellant alleges that the statement violated the Texas Constitution, he did not cite any authority or facts for this argument.  Thus, appellant has inadequately briefed his argument, and we do not consider it.  
See
 
Tex. R. App. P
. 38.1(h); 
Jackson v. State
, 50 S.W.3d 579, 591 n.1 (Tex. App.—Fort Worth 2001, pet. ref'd) (explaining that by raising an issue and failing to present any argument or authority on that issue, the party waives that issue).

5:
Appellant argues that his facts are similar to 
Xu v. State
, in which an officer deliberately allowed a suspect to go home in order to avoid the restrictive provisions of article 38.22.  100 S.W.3d 408, 415 (Tex. App.—San Antonio 2002, pet. filed).  These facts are distinguishable.  In
 Xu
, the officer testified that he would have had a “problem with the custodial interrogation.”  
Id
.  Here, the record does not demonstrate any police misconduct.  In fact, the record shows that appellant was not arrested following his admission because he agreed to work off the charges, not because the officers were trying to avoid article 38.22 provisions.

6:
Appellant argues that we should consider Texas Code of Criminal Procedure article 15.22. 
 
Tex. Code Crim. Proc. Ann
. art. 15.22 (Vernon 1977) (“A person is arrested when he has been actually placed under restraint or taken into custody by an officer . . . .”).  As the State correctly points out, appellant has failed to argue how the words “is arrested” or “taken into custody” mean anything different from the meaning given in the body of developed case law concerning custodial interrogation.  We have previously noted that section 15.22 has been called “legislatively obsolete” because it was drafted prior to the United States Supreme Court's decision in 
Terry v. Ohio
 and fails to distinguish between temporary investigative detentions and arrests.  392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879 (1968); 
Morris v. State, 
50 S.W.3d 89, 95 (Tex. App.—Fort Worth 2001, no pet.); 
Zayas v. State
, 972 S.W.2d 779, 789 (Tex. App.—Corpus Christi 1998, pet. ref'd).