COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-343-CR
 
ANDREW MICHAEL COTTERILL                                                             APPELLANT
V.
THE STATE OF TEXAS                                                               
        
    STATE
------------
FROM THE 211
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Andrew Michael Cotterill
appeals from his conviction of possession of five pounds or less, but more than
four ounces of marijuana. In two points, appellant alleges that the trial court
erred in denying his motion to suppress alleged oral statements in violation of
Texas Code of Criminal Procedure article 38.22 and article 1, section 10, of the
Texas Constitution and in violation of the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution. We affirm.
Factual Background
On December 8, 2000, an
investigator with the North Texas Narcotics Task Force and ten to twelve other
officers served a search warrant on a residence in The Colony. Joseph Garrison
was the only person home at the time. The officers found approximately
fifty-three marijuana plants, which Garrison admitted were his and appellant's.
The evidence is conflicting as to whether the officers then merely called
appellant and asked him to come to the home or if they threatened to involve his
wife and children if he did not cooperate. After appellant arrived and allegedly
admitted involvement in the offense(2), the
officers agreed to release him if he would cooperate and "work off"
the offense.(3) The police did not contact
appellant again until eight months later when he was arrested. When the court
denied appellant's motion to suppress his oral statements, he subsequently pled
guilty to the offense and was sentenced by the court.
Oral Statements
In his first point, appellant
contends that the trial court erred in denying his motion to suppress alleged
oral statements in violation of Texas Code of Criminal Procedure article 38.22
and article 1, section 10, of the Texas Constitution.(4)
Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)
(Vernon Supp. 2003). The State responds that the statements were not obtained in
violation of article 38.22 because appellant was not under custodial arrest at
the time of the statements.
At a suppression hearing, the trial
judge is the sole and exclusive trier of fact and judge of the credibility of
the witnesses and their testimony. Maxwell v. State, 73 S.W.3d 278, 281
(Tex. Crim. App.), cert. denied, 123 S. Ct. 603 (2002). The appropriate
standard for reviewing a trial court's ruling on a motion to suppress is a
bifurcated standard of review, giving almost total deference to a trial court's
determination of historical facts and reviewing de novo the court's application
of the law. Id. If the trial court did not make explicit findings of
fact, we review the evidence in a light most favorable to the trial court's
ruling. Id.
Generally, oral statements made by
an accused as a result of a custodial interrogation are not admissible against
an accused. Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a); Leal v. State,
82 S.W.3d 84, 89 (Tex. App.--San Antonio 2002, pet. ref'd). This rule is
strictly construed. Tex. Code Crim. Proc. Ann. art. 38.22, § 3(e). However, the
Texas Code of Criminal Procedure provides exceptions to the general rule. See
Tex. Code Crim. Proc. Ann. art. 38.22, § 3, 8 (Vernon Supp. 2003), § 5 (Vernon
1979).
We must first determine whether
appellant's statements were the product of custodial interrogation. If not, then
no warnings needed to be given, and the trial court did not err in overruling
his motion to suppress the statements. Miranda and article 38.22 of the
Texas Code of Criminal Procedure apply only to statements made as a result of
custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 479, 86 S.
Ct. 1602, 1630 (1966); Dowthitt v. State, 931 S.W.2d 244, 263 (Tex.
Crim. App. 1996); Rodriguez v. State, 939 S.W.2d 211, 215 (Tex.
App.--Austin 1997, no pet.) (op. on reh'g). They are not applicable to
statements resulting from noncustodial interrogation. Rodriguez, 939
S.W.2d at 215. Thus, if appellant's statements did not stem from custodial
interrogation, neither Miranda nor article 38.22 requires its
suppression. See id.
In determining whether an
individual was in custody, a court must examine all of the circumstances, but
the ultimate inquiry is simply whether there was a formal arrest or restraint on
freedom of movement to the degree associated with a formal arrest. California
v. Beheler, 463 U.S. 1121, 1125, 103 S. Ct. 3517, 3520 (1983); Dowthitt,
931 S.W.2d at 254. The relevant question is not the officer's subjective intent,
but rather how a reasonable person in the suspect's position would have
understood the situation. Dowthitt, 931 S.W.2d at 254. The
"reasonable person" standard assumes an innocent person. Id.
at 254.
The Texas Court of Criminal Appeals
has outlined at least four general situations which may constitute custody: (1)
when the suspect is physically deprived of his freedom of action in any
significant way; (2) when a law enforcement officer tells the suspect that he
cannot leave; (3) when law enforcement officers create a situation that would
lead a reasonable person to believe that his freedom of movement has been
significantly restricted; and (4) when there is probable cause to arrest and law
enforcement officers do not tell the suspect that he is free to leave. Id.
at 255. The first three situations require a restriction upon freedom of
movement that amounts to the degree associated with an arrest as opposed to an
investigative detention. Id. Concerning the fourth situation, the
officers' knowledge of probable cause must be manifested to the suspect. Id.
Here, the trial court made explicit
findings on the record that prior to making the statements, appellant was given
all the warnings required under the Constitution; appellant intelligently and
with full knowledge and understanding of his rights waived his right to remain
silent; and appellant made the oral statements at such time that "he was
not under arrest and under such circumstances a reasonable person, innocent of a
crime, would not have considered himself under arrest." Accordingly, we
must give almost total deference to these determinations of historical facts. Maxwell,
73 S.W.3d at 281.
The trial court also found the
following facts by implication:

        
  Officer Cain asked appellant to come to the house because he had some
 questions concerning the marijuana at the residence.
        
  Officer Cain did not threaten appellant's family or use any intimidating
 factors to coerce appellant to come to the house or to admit his involvement
 in the operation.
        
  When appellant arrived at the residence, the officers introduced
 themselves, gave him his Miranda warnings, and told him why they were
 there. Officer Cain stated that appellant was not placed under arrest or put
 in handcuffs, but was lawfully detained.
        
  The officers did not take appellant to the back room or say anything about
 getting handcuffs.
        
  Appellant agreed to work off his charge.
        
  The officers questioned appellant for approximately twenty minutes.

 
Such evidence is reviewed in the
light most favorable to the trial court's ruling. See id. (holding that
if the trial court did not make explicit findings of fact, we review the
evidence in a light most favorable to the trial court's ruling). Furthermore,
the judge in this case was entitled to believe Officer Cain's testimony over Mr.
Garrison's testimony. Id.; Stahle v. State, 970 S.W.2d 682,
691 n.6 (Tex. App.--Dallas 1998, pet. ref'd).
With these facts in mind, we now
review de novo the trial court's application of the law to determine if
appellant was under custodial interrogation. Maxwell, 73 S.W.3d at 281.
Here, Officer Cain did not force or
threaten appellant to come to the residence, but merely asked appellant to come
over so he could answer a few questions concerning the marijuana operation. When
a person follows such a request, his presence is deemed voluntary, and courts
have held that he has not been taken into custody. See Shiflet v. State,
732 S.W.2d 622, 628 (Tex. Crim. App. 1985); Cagle v. State, 23 S.W.3d
590, 592 (Tex. App.--Fort Worth 2000, pet. ref'd) (op. on reh'g); Lewis v.
State, 15 S.W.3d 250, 255 (Tex. App.--Texarkana 2000, no pet.); Bates
v. State, 15 S.W.3d 155, 160 (Tex. App.--Texarkana, pet. ref'd), cert.
denied, 531 U.S. 1013 (2000). Officer Cain informed appellant he was not
under arrest but was merely being lawfully detained. The fact that appellant
knew he was a suspect did not establish custody under these circumstances
because he was told he was not under arrest. See Gregory v. State, 56
S.W.3d 164, 175 (Tex. App.--Houston [14th Dist.] 2001, pet. dism'd), cert.
denied, 123 S. Ct. 1787 (2003).
While at the residence, appellant
was never handcuffed or threatened. Furthermore, the officers only questioned
him for twenty minutes and then left. Appellant's voluntary presence at the
residence, "where there were no threats or physical force used, no
handcuffs, and no weapons drawn, hardly constitutes an arrest." Lewis,
15 S.W.3d at 255. Although Officer Cain gave appellant Miranda
warnings, he testified that the warnings were merely standard procedure. See
Dancy v. State, 728 S.W.2d 772, 777 (Tex. Crim. App. 1987) (holding that
recitation of Miranda warnings was more indicative of proper
cautiousness than of an intention to arrest), cert. denied, 484 U.S.
975.
Under all of these circumstances,
an innocent, reasonable person would not have felt that he was under arrest.(5)
Thus, appellant's statements were not the product of custodial interrogation,
and no warnings needed to be given. Miranda, 384 U.S. at 479, 86 S. Ct.
at 1630; Dowthitt, 931 S.W.2d at 263; Rodriguez, 939 S.W.2d at
215. Accordingly, the trial court did not err in overruling appellant's motion
to suppress because neither Miranda nor article 38.22 required the
suppression of his statements. Miranda, 384 U.S. at 479, 86 S. Ct. at
1630; Dowthitt, 931 S.W.2d at 263; Rodriguez, 939 S.W.2d at
215. Appellant's first point is overruled.
Constitutional
Arguments
In his second point, appellant
alleges that the trial court erred in denying his motion to suppress alleged
oral statements in violation of the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution. The State responds that appellant
has not preserved error based on the Fourth and Sixth Amendments and that there
was no Fifth Amendment violation.
To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.
Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999).
Further, the trial court must have ruled on the request, objection, or motion,
either expressly or implicitly, or the complaining party must have objected to
the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); Taylor v.
State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).
In appellant's motion to suppress
oral statements, he only complained that the court violated his Fifth Amendment
right to remain silent. He never argued that his Fourth or Sixth Amendment
rights were violated. Furthermore, while arguing his motion to suppress in the
trial court, he only complained of a Fifth Amendment violation. Therefore,
appellant did not preserve for appeal his Fourth and Sixth Amendment arguments. See
Tex. R. App. P. 33.1.
Having previously determined that
appellant received Miranda warnings and his statements were not the
product of custodial interrogation, his Fifth Amendment right to remain silent
was not violated. Thus, appellant's second point is overruled.(6)
Conclusion
Having overruled both of
appellant's points, we affirm the trial court's judgment.
 
                                                            TERRIE
LIVINGSTON
                                                            JUSTICE
 
PANEL B: DAY, LIVINGSTON, and
WALKER, JJ.
               
WALKER, J. concurs without opinion.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 17, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant specifically admitted that he was a partner
with Garrison in the marijuana operation and that they sell what they need and
smoke the rest.
3. Officer Cain testified that to "work off" the
offense, appellant was willing to take him to other places that also had
marijuana plants in exchange for the case pending.
4. Although appellant alleges that the statement violated
the Texas Constitution, he did not cite any authority or facts for this
argument. Thus, appellant has inadequately briefed his argument, and we do not
consider it. See Tex. R. App. P. 38.1(h); Jackson v. State, 50
S.W.3d 579, 591 n.1 (Tex. App.--Fort Worth 2001, pet. ref'd) (explaining that by
raising an issue and failing to present any argument or authority on that issue,
the party waives that issue).
5. Appellant argues that his facts are similar to Xu
v. State, in which an officer deliberately allowed a suspect to go home in
order to avoid the restrictive provisions of article 38.22. 100 S.W.3d 408, 415
(Tex. App.--San Antonio 2002, pet. filed). These facts are distinguishable. In Xu,
the officer testified that he would have had a "problem with the custodial
interrogation." Id. Here, the record does not demonstrate any
police misconduct. In fact, the record shows that appellant was not arrested
following his admission because he agreed to work off the charges, not because
the officers were trying to avoid article 38.22 provisions.
6. Appellant argues that we should consider Texas Code of
Criminal Procedure article 15.22. Tex. Code Crim. Proc. Ann. art. 15.22 (Vernon
1977) ("A person is arrested when he has been actually placed under
restraint or taken into custody by an officer . . . ."). As the State
correctly points out, appellant has failed to argue how the words "is
arrested" or "taken into custody" mean anything different from
the meaning given in the body of developed case law concerning custodial
interrogation. We have previously noted that section 15.22 has been called
"legislatively obsolete" because it was drafted prior to the United
States Supreme Court's decision in Terry v. Ohio and fails to
distinguish between temporary investigative detentions and arrests. 392 U.S. 1,
19-20, 88 S. Ct. 1868, 1879 (1968); Morris v. State, 50 S.W.3d 89, 95
(Tex. App.--Fort Worth 2001, no pet.); Zayas v. State, 972 S.W.2d 779,
789 (Tex. App.--Corpus Christi 1998, pet. ref'd).